IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL; and ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN J. MEHLHOFF, State Director; the BUREAU OF LAND MANAGEMENT,<br><br>Defendants. | CV 20-186-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

United States Magistrate Judge Cavan filed Findings and Recommendations on Plaintiffs' Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment on February 7, 2022. (Doc. 29). The Magistrate recommended that Plaintiffs' Motion be granted in part and denied in part. (*Id.* at 1). The Magistrate further recommended that Defendants' Motion be granted in part and denied in part. (*Id.*). Defendants filed an objection to the Findings and Recommendations on March 8, 2022. (Doc. 32). Plaintiffs filed a response to the objection on March 9, 2022. (Doc. 33). The matter is deemed ripe and ready for adjudication. For the following reasons, the Court adopts Judge Cavan's Findings and Recommendations, with the exception of the recommended 180-day timeline to complete the NEPA analysis.

1

## I. RELEVANT BACKGROUND

This action follows two prior lawsuits in which Plaintiffs challenged vegetation and grazing decisions in the Iron Mask Planning Area. *Native Ecosystem Council v. Judice*, 18-CV-55-BLG-SPW ("*Iron Mask I*") and *Native Ecosystems Council v. Mehlhoff*, 20-CV-19-BLG-SPW-TJC ("*Iron Mask II*"). The Iron Mask Planning Area comprises 124,933 acres near Townsend, Montana.

In 2015 and 2016, the BLM issued a Final Environmental Assessment ("2015 EA"), a Decision Record for Vegetation and Riparian Treatments ("2015 Vegetation Decision"), and a Final Grazing Decision and Response to Protest for the Indian Creek Forage Reserve ("2016 Grazing Decision"). Plaintiffs challenged these decisions in *Iron Mask I*. The Court found the decisions unlawful and remanded them to the BLM to prepare a supplemental EA.

In 2019, the BLM released the supplemental EA ("2019 SEA") and a Decision Record for Vegetative Treatments ("2019 Vegetation Decision"). Plaintiffs challenged the 2019 Vegetation Decision in *Iron Mask II*. This Court preliminarily enjoined the 2019 Vegetation Decision and Defendants subsequently voluntarily withdrew that Decision.

In 2020, the BLM issued a grazing decision pursuant to the 2019 SEA establishing grazing terms and conditions, and authorizing the construction of new fencing, water developments, and an enclosure around a wet meadow area ("2020

2

Grazing Decision"). Upon Plaintiffs' request, the BLM voluntarily withdrew portions of the 2020 Grazing Decision that were unimplemented following this Court's order in *Iron Mask II* preliminarily enjoining the 2019 Vegetation Decision.

In the present action, Plaintiffs challenge the implementations installed under the 2016 and 2020 Grazing Decisions. Plaintiffs first argue the 2016 and 2020 Grazing Decisions were tied to the 2015 EA and 2019 SEA which were found unlawful making the actions taken under those Decisions unlawful. Plaintiff further argue the implemented portions of the 2020 Grazing Decision are invalid and violate NEPA because the implemented portions rely on the same analyses this Court found invalid in *Iron Mask II*.

Defendants assert that the Court lacks jurisdiction to decide the matter because Plaintiffs' first claim regarding the lawfulness of the 2020 Grazing Decision is barred by res judicata and because Plaintiffs' second claim is moot as the 2020 Grazing Decision has been withdrawn. Alternatively, Defendants argue that Plaintiffs' claims should be denied because the 2019 SEA properly analyzed the cumulative impacts of the implemented portions of the 2020 Grazing Decision. Further, even if the 2020 Grazing Decision violated NEPA, Defendants assert that removing the implemented portions would cause more harm than leaving the installations in place.

## II. LEGAL STANDARD

A party is entitled to *de novo* review of those portions of Judge Cavan's Findings and Recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## III. DISCUSSION

First, Judge Cavan found that Plaintiffs' claim regarding the developments constructed under the 2016 Grazing Decision is barred by res judicata because the request for relief "arises from the same transactional nucleus of facts as *Iron Mask I*." (Doc. 29 at 14). Therefore, because the claims are identical, Plaintiffs cannot now revisit the issue to seek relief they failed to request in *Iron Mask I*.

Second, Judge Cavan found that Plaintiffs' claim regarding the 2020 Grazing Decision is not moot because, while the BLM has voluntarily withdrawn the unimplemented portions of the Grazing Decision, relief remains available to Plaintiffs regarding the implemented portions of the Grazing Decision. (*Id.* at 17).

Third, Judge Cavan determined that the 2019 SEA and 2020 Grazing Decision relied on inadequate cumulative effects analysis. Plaintiffs proffered the testimony of Sara Jane Johnson, a wildlife biologist, that describes possible adverse effects to wildlife, including birds, due to fencing and water developments installed under the 2020 Grazing Decision. The 2019 SEA does not address these possible effects. Judge Cavan found the lack of analysis made the 2019 SEA—and by extension the 2020 Grazing Decision—inadequate. (Doc. 29 at 19).

Fourth, Judge Cavan found that while the 2019 SEA is inadequate and must be remedied, the injunctive relief sought by Plaintiffs would create more harm than good. The Magistrate determined that removing the installed portions of the 2020 Grazing Decision would lead to more environmental harm through construction

5

work and that the fencing installed is safer for wildlife than the previously used barbed-wire fence. (Doc. 29 at 24). Therefore, Judge Cavan recommended that the matter be remanded to the BLM for further analysis but that the implemented portions of the 2020 Grazing Decision should remain in place. (*Id.* at 26). Judge Cavan recommended that the BLM be given 180 days to complete this new analysis. (*Id.*).

Defendants now object solely to the Magistrate Judge's recommendation of 180-day timeline to complete the new analysis. As such, the Court reviews any unobjected-to portion of Judge Cavan's Findings and Recommendations for clear error. The Court finds no clear error and adopts those Findings and Recommendations.

Regarding the recommended 180-day timeline, Defendants argue the "BLM Field Office should be afforded more than 180 days to undertake the corrective NEPA analysis recommended by Magistrate Judge Cavan, because the Office has limited resources and staff to complete the analysis in addition to the fifteen other pending NEPA projects it has planned over the next two years." (Doc. 32 at 6). Providing more time to complete the analysis would allow the Office to implement new information gathered as part of its rangeland health assessments and incorporate the recommended corrective analysis of cumulative effective into the decision process, according to Defendants. (*Id.* at 7). Therefore, Defendants

request that the Court order the BLM to prepare the required analysis without a deadline or, in the alternative, within 24 months. (*Id.* at 8). Plaintiffs join Defendants' objection and request the BLM be given discretion to adequately complete the required analysis. (Doc. 33 at 3).

The Court finds Defendants' argument persuasive and an extension of the timeline warranted. Judge Cavan did not provide a rationale for the 180-day timeline recommendation other than an apparent desire to ensure the swift completion of the corrective analysis. Given the obstacles currently facing the BLM Field Office and the arguments set forth by Defendants, the Court is convinced that a timeline in this matter would do more harm than good. Therefore, the Court rejects Judge Cavan's recommendation for the BLM to complete the corrective analysis within 180 days and orders that the BLM complete the required analysis at its discretion, albeit in a timely manner.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Judge Cavan's Findings and Recommendations (Doc. 29) are ADOPTED IN FULL except for the recommended 180-day timeline.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment (Doc. 13) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendants' Cross-Motion for Summary Judgment (Doc. 16). is GRANTED IN PART AND DENIED IN PART.

This case is remanded to the BLM to complete its NEPA analysis in the Iron Mask Planning Area, which shall include an analysis of the cumulative effects of its grazing decision on all wildlife in the Planning Area.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 14th day of March, 2022.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge